UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID A. FREEMAN, Plaintiff
v.
NEWTON DISTRICT COURT, et al., Defendants

Civil Action No. 8:25-cv-03159 (Transferred)

## PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF EMERGENCY DECLARATORY AND INJUNCTIVE RELIEF

This Memorandum of Law accompanies Plaintiff's Emergency Motion for Declaratory and Injunctive Relief. It demonstrates that the challenged state process was structurally void ab initio and incapable of producing a constitutionally valid outcome. Where a tribunal lacks neutrality, denies a meaningful hearing, and authorizes coercive enforcement without jurisdiction or notice, federal intervention is not discretionary—it is required.

### I. STRUCTURAL DUE PROCESS AND VOIDNESS DOCTRINE

Due process requires not merely correct outcomes, but lawful structure. A proceeding is constitutionally void where the tribunal fails to provide a neutral decisionmaker, denies a meaningful opportunity to be heard, or operates without jurisdiction. The Supreme Court has repeatedly held that adjudication by a biased or non-neutral decisionmaker violates the Fourteenth Amendment and renders resulting orders unenforceable. See *In re Murchison*, 349 U.S. 133, 136 (1955); *Tumey v. Ohio*, 273 U.S. 510, 523 (1927).

### II. PRE-DETERMINATION AND DENIAL OF A MEANINGFUL HEARING

A hearing is constitutionally meaningless where the outcome is determined before evidence or argument is heard. The Supreme Court has made clear that due process is violated where a party's claim is dismissed or denied in limine without a fair opportunity to present it. See *Goldberg v. Kelly*, 397 U.S. 254, 267 (1970). Here, the transcript reflects that a denial occurred at the outset of proceedings, before testimony or argument, demonstrating structural bias and foreclosed adjudication.

### III. ULTRA VIRES ENFORCEMENT AND VOID AB INITIO ORDERS

An order issued without jurisdiction or lawful process is void ab initio and confers no authority for enforcement. Coercive enforcement of such an order constitutes an unreasonable seizure under the Fourth Amendment and a deprivation of property without due process. See *Fuentes v. Shevin*, 407 U.S. 67, 80–81 (1972). Where property is seized during an ex parte period and later unwound without judicial adjudication, the constitutional injury is complete and ongoing.

### IV. INCOMPLETE RECORD AND DENIAL OF TRANSPARENT ADJUDICATION

Due process requires a complete and transparent record sufficient for review. The suppression or omission of material enforcement actions from the judicial record deprives affected parties

of appellate rights and neutral review. Such concealment independently violates procedural due process. See *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 433 (1982).

## V. FEDERAL AUTHORITY TO GRANT PROSPECTIVE RELIEF

Federal courts possess authority to enjoin ongoing constitutional violations by state officials under *Ex parte Young*, 209 U.S. 123 (1908). Where a state process is structurally void and continues to produce legal consequences, prospective declaratory and injunctive relief is appropriate to prevent further harm. Transfer to a neutral tribunal is authorized where the originating forum has demonstrably lost neutrality. See 28 U.S.C. § 1404(a).

## VI. CONCLUSION

The record demonstrates not mere error, but structural constitutional failure. The challenged process lacked neutrality, denied a meaningful hearing, authorized ultra vires enforcement, and concealed material facts from the record. Such a process is void ab initio and cannot be cured by deference or abstention. Plaintiff respectfully requests that the Court grant declaratory and injunctive relief, or transfer this matter to a neutral federal tribunal.

Respectfully submitted,

/s/ David A. Freeman
David A. Freeman
Plaintiff
Dated: December 16, 2025